JOHN WALSH, Appellant, *vs.* TOWN COUNCIL of the TOWN OF JOHNSTON, Appellee.

No appeal lies from the action of a town council removing from office a surveyor of highways under Pub. Stat. R. I. cap. 38, § 12.

Pub. Stat. R. I. cap. 38, § 35, limits the time of appealing when no special time is otherwise provided but gives no right of appeal.

APPEAL from an order of a Town Council. On motion to dismiss the appeal.

*December 7, 1892.* TILLINGHAST, J. The appellant in this case claims an appeal from an order or decree of the

town council of the town of Johnston, entered September 13, 1892, removing him from the office of commissioner of highways of said town, under the provisions of Pub. Stat. R. I. cap. 38, § 12.

Said section is as follows: "In case of the incapacity of any surveyor of highways, or of any tyrannical and unwarrantable exercise by him of the powers of his office, the town council may, after giving him such notice as they may deem reasonable, either suspend or altogether remove him from his office and appoint another in his place."

The case is before us upon the appellee's motion to dismiss the appeal, upon the ground that no appeal lies from the said order or decree of said town council, and hence that this court has no jurisdiction in the premises.

The appellant claims that the right of appeal is given to him by the provisions of § 35 of said chapter, which is as follows: "Any person aggrieved by the judgment or decree of a town council, may appeal within forty days after the entering up of such judgment or decree, and not thereafter, unless the time of taking such appeal is otherwise provided for by law."

The only question before us for decision, therefore, is whether said last named section gives a right of appeal from the doings of the defendant town council, in the premises. We do not think it does. For while said section, if considered by itself, seems to confer the right of appeal from any judgment or decree of a town council by which any person may be aggrieved, yet, when taken, as it must be, in construing the same, in connection with what precedes it in the same chapter, and also with the other and more specific provisions of the statutes relating to appeals from the doings of town councils, it is evident that it was not intended to confer the *right* of appeal, but merely to fix a limitation of time within which such right, which is elsewhere specifically given, could be exercised. In short, we think said § 35 amounts simply to a general limitation of the time within which an appeal may be taken from the appealable doings of a town council. So that in all cases where a right of appeal is conferred and

no special time is given within which it may be exercised, the limitation here fixed controls.

This construction is further manifest from the fact that the section of the statute now under consideration, while perhaps seeming to give a right of appeal, does not designate the court to which such appeal must be taken. And the mere giving of a right of appeal, without designating the court to which it may be taken, would be a nullity, as it would fail to confer jurisdiction of the case upon any court whatsoever.

An appeal is a purely statutory right, and lies only in cases where the statute expressly provides for it, and only to the court upon which jurisdiction is expressly conferred. See Elliott on Appellate Procedure, § 75, and cases cited in note 1.

An examination of the several statutes relating to the powers and duties of town councils shows that whenever the right of appeal is given from their doings, such right is expressly set forth in connection with the particular act or thing which the council is authorized to do, and the court to which the appeal may be taken is designated, while the time within which such right may be exercised is sometimes specified therein and sometimes not.

Thus in Pub. Stat. R. I. cap. 64, § 11, any person, through whose land a highway or driftway is laid, may, if aggrieved, appeal to the next Court of Common Pleas to be holden for the county in which such highway or driftway is located, giving bond to prosecute his appeal, and producing an attested copy of the whole proceedings to such court, and filing his reasons of appeal with the clerk thereof ten days before the sitting thereof. Here the right of appeal is given, the court to which such appeal is given is designated, and in § 31 of the same chapter the time within which the appeal shall be *claimed* is designated, but the time within which such appeal must be *taken* is not specified. The same is true under the provisions of chapter 69, § 4, and chapter 158, § 36.

For an illustration of statutes where the time within which the appeal provided for may be taken is specified therein, see chapter 65, §§ 39, 40, and chapter 72, § 16. See *Payne* v. *Town of North Providence*, 9 R. I. 358.

An examination of the several statutes relating to the powers and duties of town councils also shows, that as to very many of the judgments and decrees which they are authorized to render and make, no appeals are provided for. And it is evident that the judgment or decree which they have power to render and make under the provisions of said section 12, of chapter 38, is one of that class. It is a matter connected with the internal police and administrative government of a town, over which the legislature has given exclusive jurisdiction to the town council. See *People* v. *Stout*, 19 How. Pr. 171. And while the court could doubtless interfere in a proper proceeding to prevent town councils from transcending their powers in the premises, or proceeding arbitrarily and in clear violation of the rights of the official whom they have power to remove, yet, as we have already said, no *appeal* lies from their doings under said statute, whether the same are right or wrong.

The appeal must therefore be dismissed.

*Motion granted.*

*Benjamin M. Bosworth*, for appellant.
*Herbert B. Wood & William Fitch*, for appellee.