209 A.2d 701.
THE PRESERVATION SOCIETY OF NEWPORT COUNTY *vs.* ASSESSOR OF TAXES OF THE CITY OF NEWPORT.

MAY 7, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This petition for relief from the assessment of taxes alleged to be illegal in whole or in part was brought in the superior court under the provisions of G. L. 1956, §44-5-26. On hearing in that court the parties stipulated as to the material facts and the issue raised, and, the cause

being ready for judgment, the following question was certified to this court for our determination: "Did the Act enacted by the General Assembly, entitled 'An Act Exempting From Taxation Certain Real Estate And Personal Property Held By The Preservation Society Of Newport County, Of Newport, Rhode Island', January Session, A.D. 1949, exempt from taxation only the real and personal property held by the petitioner at the time of passage of said Act, or did it also exempt from taxation the real and personal property acquired by the petitioner after the passage of said Act?"

The record discloses that petitioner, hereinafter referred to as the society, was chartered in 1945 as an "antiquarian, historical, literary, educational, artistic and monumental" organization. Among the purposes for which it was organized, as stated in its charter, is that of "preserving for posterity buildings, places and objects of historical, artistic, architectural and other interest, and * * * the acquisition, collection, development and preservation of houses, places and objects of historical, artistic, architectural and other interest * * *." Apparently acting pursuant to such purposes, in November 1946 the society acquired a certain parcel of real estate located in Newport and known as the Hunter House. This was the only property owned by it when in 1949 the general assembly enacted the statute exempting from taxation its real estate and personal property. It is to the scope of the exemption from taxation therein conferred that the certified question is directed.

Subsequent to 1949 the society acquired other properties. Included in these is a tavern known as White Horse Tavern, which is alleged to be one of the oldest taverns in America and which since 1961 has been leased to a private person for operation as a restaurant. Acquired also was a parking lot on Ochre Point avenue, which is used to provide off-street parking for visitors to The Breakers, an es-

tate the society leases for the purpose of exhibiting works of art. The latest acquisition of the society is an estate known as The Elms, which was acquired for preservation as a building of artistic and architectural interest. The respondent has assessed taxes on the properties so acquired subsequent to the enactment of the statute in 1949 that the society claims exempts from taxation all of its properties used pursuant to its charter purposes.

The act upon which the society relies in claiming such exemption provides, in pertinent part, that it "is hereby authorized to take, hold, transmit and convey all that certain lot of land with the buildings and improvements thereon situated in the City of Newport known as the 'Hunter House' * * *; said real and personal estate to be taken, held, transmitted and conveyed in addition to any real and personal estate now authorized to be held for antiquarian, historical, literary, educational, artistic, architectural and other interest, and for the preservation of houses, places, and objects of historical, artistic, architectural and other interests and for the purpose of creating and maintaining tablets, memorials and events and exempt from taxation by authority of section 2 of chapter 29 of the general laws, entitled 'Property liable to and exempt from taxation' as amended." Section 2 of the act provides as follows: "The real and personal estate of The Preservation Society of Newport County, Newport, Rhode Island, shall be exempt from taxation as long as the same shall be used for the purposes of said corporation."

The construction of statutes which purport to grant exemption from taxation is governed by well-settled rules in this state. In *Society for the Preservation of New England Antiquities* v. *Tax Assessors*, 62 R. I. 302, this court referred to such rules at page 307 as follows: "* * * it is settled with us that laws exempting property from taxation are to be strictly construed. Exemption from taxation cannot be

read into the statute by implication. Since a grant of exemption is not to be presumed, any doubt or ambiguity must be resolved in favor of the public. The burden is upon the person claiming an exemption to show that he is within the terms of the statute. If two views are possible the court will adopt the view in favor of taxation, unless compelled to do otherwise because of long-continued conduct or prior decisions." In brief, one who claims exemption from taxation under such a statute has the burden of showing from the terms of the statute a clear legislative intent to grant such exemption.

The provisions of sec. 2 of the act of 1949 must of necessity be held to exempt properties of the society from taxation and to apply prospectively unless some provision set out in sec. 1 of that act has the effect of nullifying the legislative intent to exempt such property that so clearly appears in said sec. 2. Whether in fact any provision of sec. 1 of the act of 1949 does operate to nullify the legislative purpose appearing in sec. 2 thereof must be controlling on the answer to be made to the question certified to us by the superior court.

The resolution of this issue requires us to observe, first, that the rule stated in *Society for the Preservation of New England Antiquities* v. *Tax Assessors, supra,* is not to be taken as requiring that statutory exemption from taxation be granted in absolute terms and that the legislative intent to grant such exemption appear from a literal reading of the language of the enactment. Basic concepts relating to the judicial construction of statutes have application in the interpretation of legislation of this nature with ascertainment of the legislative intent being the primary objective thereof. The rule that these statutes are to be construed against the taxpayer becomes operative only when the statute in terms does not disclose the existence of an intent to grant exemption. The rule does not authorize

the court to negative such an intent to exempt ascertainable in the statute by giving it a construction that deprives it of all force and meaning unless, of course, the legislation in fact is without meaning. *State* v. *Huxford,* 35 R. I. 387, 393.

We advert to these principles of statutory interpretation in order to emphasize the fact that when the legislature undertakes to exercise the legislative power, presumptively it is acting to accomplish some definite purpose or to attain some definite result, and in so doing it will employ language which, given its ordinary sense and meaning in the context in which it is used, will disclose the purpose intended to be accomplished. The court will not impute to the legislature, when so acting, an intent to enact legislation devoid of purpose.

The judicial function is simply to ascertain the legislative intention and, when the objective thereof is within the legislative competence and not otherwise unlawful, give effect thereto. We know of no rule of law or canon of construction, so called, that precludes the legislature from pursuing two or more purposes within the terms of a single legislative enactment. To the contrary, we are of the opinion that the legislature may by a single legislative act enact multipurpose legislation. See *DePietro* v. *Tarter,* 302 F.2d 611.

The act of 1949, in our opinion, is just such a statute. Its dual purpose becomes apparent when it is read in the light of the provisions of sec. 3 of the charter of the society. Conceding that sec. 3 of the charter declares the purposes for which the society was incorporated, it does not in express terms authorize the society to take and to hold any property, real or personal, that might be necessary to give effect to its corporate purposes. Section 3 of the charter, to the contrary, is so vague and indefinite as to give rise to a substantial doubt that the society was possessed of

authority to take and to hold any property at all. At best, authority in the society to take and hold property for its corporate purposes must be ascertained from the provisions of sec. 3 of the charter by necessary implication if at all. It is, therefore, our conclusion that the legislature, in enacting sec. 1 of the act of 1949, intended to confer upon the society express authority to take and hold for its corporate purposes properties within the contemplation of the provisions of G. L. 1938, chap. 29, §2, which latter statute grants general exemption from taxation to properties held by designated classes of corporations.

Because of the precise inquiry contained in the certified question, it is not necessary that we inquire further into the purposes for which sec. 1 of the act of 1949 was enacted. However, we would observe that the reference to the provisions of §2 of chap. 29 set out in sec. 1 of the act of 1949 appears to be definitive and to limit the kind of properties that the society might hold for its purposes under the terms of the authority to take and hold properties therein vested in it. Such reference was not, in our opinion, intended to vest the society with those characteristics necessary to bring the society within the purview of §2 of chap. 29 and thus exempt from taxation thereunder such properties as it might hold. Were we to take this latter view, we would in fact be imputing to the legislature an intention in the enactment of sec. 2 of the act of 1949 to legislate unnecessarily or to reach a needless result. It is clear that if the legislature so intended, it would be legislating to exempt from taxation in sec. 2 property that it had already exempted in sec. 1 of the act of 1949. This is an assumption that we will not make.

Our answer then to the question certified is that the provisions of the act of 1949 exempt from taxation the real and personal property of the society acquired by it after the enactment thereof, such exemption to be effective so

long as such properties are used for the purposes for which it was incorporated.

The record and the papers in the case are hereby sent back to the superior court with our decision certified thereon for the entry of final judgment in accordance therewith.

*Corcoran, Peckham & Hayes, William W. Corcoran*, for petitioner.

*James S. O'Brien*, City Solicitor of the City of Newport, for respondent.