217 A.2d 466.

RED FOX GINGERALE COMPANY *vs.* FRED M. LANGTON, *Tax Adm'r.*

MARCH 16, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J. This petition to determine the correctness of a tax deficiency under the provisions of G. L. 1956, §44-19-18, was brought by Red Fox Gingerale Company, the taxpayer, against the tax administrator of the state of Rhode Island, hereinafter referred to as the administrator. After a hearing thereon a justice of the superior court found the tax deficiency was erroneously and illegally assessed and entered an order for a refund. From that order the administrator has prosecuted an exception to this court.

The court in its order set out the facts determined by it from testimony that was not disputed. The taxpayer en-

gages in the business of bottling and distributing carbonated beverages and selling such bottled beverages to retail dealers who in turn sell them to the ultimate consumer. The challenged assessment was a use tax assessed on the basis of the taxpayer's acquisition of a quantity of bottles to be used by it for such sale and distribution of carbonated beverages. A taxable use is defined in §44-18-10 of the act as "the exercise of any right or power over tangible personal property incident to the ownership of that property, except that it does not include the sale of that property in the regular course of business."

Concerning the taxpayer's use of the bottles in the business the court found specifically: "Now, in this particular instance the petitioner here retained no control over the bottle. The bottle is sold to the retailer. The retailer in turn sells the bottle content to the consumer. * * * The consumer has the choice or the election of either retaining the bottle or to do with it as he or she sees fit or to return the bottle for sale to the retailer, and to receive the sum of 5¢ per bottle and the retailer has the same option of either keeping the bottle or returning them to the manufacturer or the distributor such as the petitioner at the rate of 5¢ per bottle. In this particular instance the petitioner has no control, has no property rights in the containers. The ownership of the container remains in the ultimate purchaser, in this particular instance the consumer, and the consumer has title to the bottle in which the contents were placed. The petitioner cannot force the consumer to return the bottle for resale to either the retailer or to the manufacturer of the bottle."

The court then went on to conclude that the "bottles are actually sold by the petitioner to the retailer and the retailer in turn sells the bottle with the contents to the consumer" and is, therefore, exempt from taxation by virtue of the provisions of §44-18-30 D. (3). The pertinent portion of the

statute relating to such exemptions from sales and use taxes reads: "There are exempted from the taxes imposed by this chapter the following gross receipts: * * * D. *Containers.* From the sale and from the storage, use, or other consumption in this state of: * * * (3) Returnable containers when sold with the contents in connection with a retail sale of the contents or when resold for refilling. As used herein the term 'returnable containers' means containers of a kind customarily returned by the buyer of the contents for reuse. All other containers are 'nonreturnable containers.'"

The taxpayer in its petition for relief admits the acquisition of the bottles which are the subject matter of the assessment from a bottle manufacturer located outside of the state. He concedes that they were brought into his plant to be used in the preparation of his product for marketing. His specific contention in the instant case is that the bottles are exempt from taxation under the provisions of §44-18-30 D. (3). This raises directly the question whether the exemption set out in clause D. (3) covers the property here under consideration.

This court has long adhered to the rule that statutes which purport to exempt property from taxation are to be strictly construed and that we will not read into such statutes by implication an intent to exempt. It is settled further that the burden is upon him who claims exemption under a statute to establish that he is within the terms thereof. *Society for the Preservation of New England Antiquities* v. *Tax Assessors*, 62 R. I. 302.

However, in a more recent decision this court has indicated that the rule laid down in that case is not to be taken as requiring that statutory exemption from taxation be granted in absolute terms. In *Preservation Society of Newport County* v. *Assessor of Taxes,* 99 R. I. 592, 209 A.2d 701, speaking of the rule stated in that case, we said: "The rule that these statutes are to be construed against the taxpayer

becomes operative only when the statute in terms does not disclose the existence of an intent to grant exemption. The rule does not authorize the court to negative such an intent to exempt ascertainable in the statute by giving it a construction that deprives it of all force and meaning unless, of course, the legislation in fact is without meaning."

It is obvious that clause D. (3) discloses a clear legislative intent to exempt from taxation. It grants in express terms exemption to the taxpayer's gross receipts from the sale and from the storage, use, or other consumption of "Returnable containers when sold with the contents in connection with a retail sale of the contents * * *." It is our opinion that this language discloses clearly an intent to exempt from taxation the receipts obtained from any transaction which constitutes a medium through which such containers are put into normal channels of trade for the purpose of selling the contents of them at retail to the ultimate consumer. The exemption was clearly designed to relieve this industry from potentially destructive taxation on the returnable containers used in the industry on such occasions as they are utilized repeatedly to put the product of the taxpayer into the market place for retail sale.

We cannot agree, however, that there is in clause D. (3) a similar clarity of legislative intent to relieve this industry from all taxation and particularly from that based on the acquisition of potentially returnable containers for the purpose of using them as an integral part of the processing procedures of the industry that are preliminary to the preparation and packaging of the product for such introduction into the normal channels of trade. To so construe the statute would, in our opinion, be reading into it by implication an exemption that is not clearly disclosed in its express terms.

We think it significant that the exemption specifically applies to gross receipts, for we perceive nothing in the nature of gross receipts as defined in the act accruing to the tax-

payer from the acquisition of potentially returnable containers. It is our opinion also that these bottles can hardly be held to partake of the character of "returnable containers" until actually put into the channels of trade as such. Until so committed to the status of "returnable containers" by integration into the processes of preparing the product for market, they cannot come within the purview of the legislative intention to grant an exemption on the basis of the use thereof as "returnable containers."

An examination of the cases to which the taxpayer refers us as supporting its view concerning the scope of the exemption granted in clause D. (3) persuades us that the decisions of other courts on other statutes exempting containers from taxation offer little assistance to us on the issue of the scope of our statute. We have already indicated that, in our opinion, clause D. (3) by its terms clearly discloses that the exemption granted therein is limited in scope to the use of such containers as constituting an integral part of the processes by which the product of the taxpayer is put into the normal channels of trade. Nothing in that clause, in our opinion, would justify extending this exemption by construction to the acquisition of containers prior to their commitment to such processes.

The exception of the respondent administrator is sustained. The petitioner may appear before this court on March 25, 1966 to show cause, if any it has, why the case should not be remitted to the superior court for entry of judgment for the respondent.

*Bernard S. Goldberg,* for petitioner.

*J. Joseph Nugent,* Attorney General, *D. A. St. Angelo,* General Counsel, Division of Taxation, for respondent.