221 A.2d 99.

CAPITOL BUILDING COMPANY, INC. *vs.* FRED M. LANGTON, *Tax Adm'r.*

JUNE 30, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

ROBERTS, C. J. This is a petition for the refund of a use tax paid to the state on a determination and assessment therefor by the tax administrator under the pertinent provisions of G. L. 1956, chaps. 18 and 19 of title 44. This petition is brought pursuant to the provisions of §44-19-25 and alleges that the tax was erroneously and illegally determined and collected. By agreement of the parties an agreed statement of facts was submitted in superior court, and thereafter pursuant to §9-24-25 a justice of that court certified the cause to this court for hearing and determination.

It appears from the agreed statement of facts that Capitol Building Company, Inc., hereinafter referred to as taxpayer, since 1959 had been engaged in the business of modernizing and improving dwelling houses, including in such activities the erection of prefabricated garages. Taxpayer has purchased from The Coast Lumber Corporation of Hamden, Connecticut, hereinafter referred to as Coast, all of the prefabricated garages it so used. All contracts for the erection of such garages entered into by taxpayer and home owners were executed by them on forms supplied taxpayer by Coast. A copy of each contract so executed

was then forwarded to Coast and constituted the basis on which Coast would manufacture the components of such garage and deliver them to the property of the home owner on its trucks, where they were unloaded by its employees. Thereafter taxpayer would proceed to assemble the components and erect the garage pursuant to its contract with the home owner.

The authority of the administrator to assess a use tax derives from the provisions of §44-18-20, as amended, which reads in part: "An excise tax is hereby imposed on the storage, use, or other consumption in this state of tangible personal property * * * purchased from any retailer at the rate of four per cent (4%) of the sale price of the property." Liability for the payment of this tax is placed on the purchaser by the provisions of §44-18-21, as amended, which provides in part: "Every person storing, using, or otherwise consuming in this state tangible personal property * * * is liable for the use tax. His liability is not extinguished until the tax has been paid to this state, except that a receipt from a retailer engaging in business in this state or from a retailer who is authorized by the tax administrator to collect the tax under such rules and regulations as he may prescribe, given to the purchaser pursuant to the provisions of §44-18-22, is sufficient to relieve the purchaser from further liability for the tax to which the receipt refers."

Section 44-18-22, as amended, to which reference is made in §44-18-21, requires simply that "Every retailer engaging in business in this state and making sales of tangible personal property for storage, use, or other consumption in this state * * * shall * * * collect the tax from the purchaser and give to the purchaser a receipt therefor * * *." It is clear then that the legislature puts liability for the payment of a use tax, when properly assessed, on the purchaser of the goods, excepting him from this liability upon

production of the receipt to which he is entitled under §44-18-22. This provision is clearly significant of a legislative intent to avoid imposing a double tax liability upon such purchaser by imposing liability for the use tax only when he is unable to establish that the sales tax involved was paid by him.

There can be little doubt but that the transaction between Coast and the taxpayer was within the purview of the statutory provisions to which we have above referred. Coast was a retailer within the meaning of the above statutory provisions as is made clear by an examination of the provisions of §44-18-15 B., which provide that a retailer is "Every person engaged in the business of making sales for storage, use, or other consumption * * * of tangible personal property owned by the person or others for storage, use, or other consumption." That it is a retailer "engaging in business in this state" is likewise made clear by an examination of the pertinent provision of §44-18-23, as amended, which provides, in part, that engaging in business in this state "shall mean the selling or delivering in this state, or any activity in this state related to the selling or delivering in this state of tangible personal property for storage, use, or other consumption in this state."

Nowhere in the agreed statement of facts does it appear that a sales tax was paid by the taxpayer or collected by Coast or that the taxpayer was given a receipt such as is referred to in §44-18-22 by Coast. It is clear then that the taxpayer is not attempting to establish that it comes within the exception set out in §44-18-21. What it is contending is that the transaction between Coast and itself, being a retail sale in this state, has been made subject to a sales tax by our law, which obliges the vendor to collect and pay to the state the amount thereof and that, in such circumstance, the imposition of a use tax on the property involved in that transaction is invalid.

This is to argue that the statutory provisions authorizing the imposition of a use tax are without force and effect with respect to properties that by law are subject to the sales tax provisions of the act. We have no quarrel with this argument so far as it relates to the character of the transaction as a retail sale and the susceptibility thereof to the imposition of the sales tax. We are unable to agree, however, that because of this the transaction is beyond the purview of the use tax provisions of the statute or that sales tax provisions were intended to be exclusory of use tax provisions. We cannot agree that the use tax provisions of the statute have application only to transactions to which the sales tax does not apply, it being our opinion that the use tax is complementary to the sales tax. See *Miller Brothers Co.* v. *Maryland,* 347 U. S. 340.

The statute providing for sales and use taxes, when viewed in its entirety, discloses that the legislature intended that the use tax provision would have application to transactions which, while susceptible of the imposition of a sales tax, were in fact not subjected to such a tax. This intention is made crystal clear by the inclusion in the legislation of provisions against the imposition of a double tax liability, particularly the exception and the exemption provisions thereof. The real question is whether alternative taxation of this nature is within the power of the legislature.

The taxpayer's contentions misconceive the nature of the power of the state to impose taxes. In *Opinion to the Governor,* 93 R. I. 28, this court said at page 30: "The power of the state to tax is plenary. The validity of tax legislation derives 'from the inherent power of the State to impose taxes.' *Manning* v. *Board of Tax Comm'rs,* 46 R. I. 400, 413. The state's power of taxation is not conferred; it inheres in the sovereignty." At page 31 of 93 R. I. we went on to say: "The imposition or levy of a tax is an exercise

of the legislative power of the state and, in the absence of express constitutional restriction or limitation, the taxing power may be exercised in its entirety by the legislature." See *Hampton* v. *Marvin,* 105 N. H. 34.

Nowhere in the instant case does the taxpayer contend that there is a constitutional limitation on the power of the legislature to impose a use tax. It contends only that the legislature, having imposed a sales tax on the transaction under consideration, should not subject such property to a use tax. With this we cannot agree. This argument appears to urge us to consider what the legislature should have done and not what it is within its power to do. The issue thus raised relates not to the legislative power but to the soundness of the policy underlying its exercise, and it is well settled that this is a matter with which this court properly may not concern itself. See *Gorham* v. *Robinson,* 57 R. I. 1, 11.

The taxpayer argues also that it is exempt from the imposition of the use tax in the circumstances, directing our attention to the provision of §44-18-34, which reads: "The storage, use, or other consumption in this state of property, the gross receipts from the sale of which are required to be included in the measure of the sales tax, shall be exempted from the use tax." This is to contend that the legislature, in referring therein to "gross receipts" from the sale of property, intended to refer to the sale through which the user or consumer acquired the property. This is to read into the statute by implication the term *prior* so that its entitlement to the exemption contemplated therein would stand on the vendor's obligation to include the gross receipts of such sale in its sales tax measure. There is nothing in the statute which so provides in express terms.

In our opinion this argument misconceives the thrust of the exemption provisions of §44-18-34. This court has long subscribed to the view that exemption from taxation will not be read into a statute by implication. *Preservation So-*

*ciety of Newport County* v. *Assessor of Taxes,* 99 R. I. 592, 209 A.2d 701. We there noted that statutes purporting to grant exemption from taxation are to be construed strictly against the taxpayer and in favor of the public unless in their terms they disclose clearly an intent to grant an exemption.

Construed in the light of its express provisions and against the taxpayer, this statute avoids the imposition of double tax liability on those consumers of property who in their disposition of such property would be required to include the gross receipts therefrom in the measure of their sales tax. In short, it is our opinion that the phrase "gross receipts from the sale of which" used in this statute is prospective in thrust. Obviously, the exception provisions contained in §44-18-21 provide abundantly for immunity from double taxation with respect to those consumers who under said §44-18-21 establish that their vendor collected the sales tax due on the prior sale.

As we noted in *Preservation Society of Newport County* v. *Assessor of Taxes, supra,* one seeking to invoke exemption from taxation under a statute has the burden of establishing that he is within the scope thereof. There is nothing in the record here that discloses that the disposition made by the taxpayer of the prefabricated garages that it acquired from Coast was such as to require the taxpayer to include the gross receipts thereof in the measure of its sales tax liability. It is then our decision that the taxpayer in all the circumstances has failed to establish that the use tax under consideration here was illegally assessed or collected or that it was exempt from such taxation. We, therefore, are constrained to conclude that its petition for a refund properly should have been denied and dismissed.

The record and the papers in this case are hereby sent back to the superior court with our decision certified thereon for entry of a final judgment in accordance therewith.

*Salter and McGowan, James R. McGowan, Lester H. Salter,* for petitioner.

*J. Joseph Nugent,* Attorney General, *D. A. St. Angelo,* General Counsel, Division of Taxation, for respondent.