**RHODE ISLAND RECREATIONAL BUILDING AUTHORITY**

v.

**EAST GREENWICH FIRE DISTRICT et al.**

No. 83–587–Appeal.

Supreme Court of Rhode Island.

March 6, 1986.

Neil P. Philbin, Paul J. Russo, Kirshenbaum & Kirshenbaum, Cranston, for plaintiff.

George A. Bristol, Bristol, Robert W. Lovegreen, Gidley Lovegreen & Sarli, Providence, John Earle, Breslin & Sweeney, Warwick, for defendants.

OPINION

MURRAY, Justice.

This case is before the court on appeal by the Rhode Island Recreational Building Authority (RIRBA or authority), plaintiff, from a judgment by the Superior Court in favor of the East Greenwich Fire District (EGFD) and the town of East Greenwich (town), defendants. A precis of the facts will assist to posit the issue.

In 1981 RIRBA took title through foreclosure proceedings to property formerly known as the Mid-State Ice Rink. This property is now being leased by RIRBA to the State of Rhode Island, Department of Transportation, which has an option in five years to obtain title to the premises in the name of the State of Rhode Island. There is no dispute between the parties that the property in question is physically situated within the geographical boundaries of both the East Greenwich Fire District and the town of East Greenwich.

According to the facts, both EGFD and the town have levied taxes on the property, which RIRBA refuses to pay. As a result of RIRBA's refusal, EGFD initiated foreclosure proceedings. Subsequently, on May 12, 1983, RIRBA instituted a suit to enjoin EGFD from conducting a sale of the property. In conjunction with this sought-after injunctive action, RIRBA also requested a declaration from the court determining that the authority is exempt from local taxation. Following the filing of this complaint, RIRBA secured a temporary restraining order against the foreclosure proceedings. On May 23, 1983, the town was allowed to intervene in the matter. There-

after, on October 18, 1983, the trial court denied RIRBA's request for injunctive relief and entered judgment in favor of defendants. The RIRBA appealed to this court on November 2, 1983, and the judgment has been stayed pending appeal.

The sole issue before this court is whether property owned by RIRBA and located within the East Greenwich Fire District and the town of East Greenwich is subject to taxation by defendants.

■ We begin our analysis of this issue by enunciating that exemption statutes must be strictly construed in favor of taxation unless they disclose by their terms a clear intention to grant an exemption. *American Hoechst Corp. v. Norberg*, 462 A.2d 369, 371 (R.I.1983). In accordance with this principle of statutory interpretation, this court has long subscribed to the view that exemption from taxation will not be read into a statute by implication. *Capitol Building Co. v. Langton*, 101 R.I. 131, 136–37, 221 A.2d 99, 102–03 (1966). When tax exemption is alleged, as it was in this case, the burden is on the claimant to show that it comes within the terms of the statute. *American Hoechst Corp. v. Norberg*, 462 A.2d at 372.

■ A review of the statute creating RIRBA, G.L.1956 (1984 Reenactment) chapter 38 of title 42, reveals that unlike other state agencies, no provision has been enacted by the Legislature that accords RIRBA tax-exempt status.[1] Despite the absence of any tax-exempt provision within its own enabling act, RIRBA attempts to claim that it has an exemption under G.L.1956 (1980 Reenactment) chapter 3 of title 44, a segment of the Rhode Island Taxation Statute entitled "Property Subject To Taxation":

"44–3–3. Property exempt.—The following property shall be exempt from taxation:

(1) Property belonging to the state except as provided in § 44–4–4.1."[2]

The RIRBA claims that since it is a "public instrumentality of the state" under § 42–38–4 and empowered to act on behalf of the State of Rhode Island, the authority should be incorporated within the definition of the state for purposes of achieving tax-exempt status under § 44–3–3(1). In light of this alleged identification with the State of Rhode Island, RIRBA further posits that it was not necessary for the Legislature to provide a specific tax-exemption provision for the authority.

Since there is no express language within § 44–3–3(1) that confers tax-exempt status upon RIRBA, the thrust of the authority's claim is that its exemption can be implied under § 44–3–3(1). As we noted earlier, an exemption from taxation will not be read into a statute by implication. *Capitol Building Co. v. Langton*, 101 R.I. at 136–37, 221 A.2d at 102–03. Keeping in mind the principle of strictly construing tax exemptions along with the fact that § 44–3–3(1) does not clearly mandate tax-exempt status in favor of RIRBA, whose own enabling act contains no specific tax-exempt provision, we find that RIRBA has failed to meet its burden of persuasion on this issue.

1. The following state and municipal agencies have tax-exempt status:

R.I. Higher Education Assistance Authority G.L.1956 (1981 Reenactment) § 16–57–11

R.I. Turnpike and Bridge Authority G.L.1956 (1979 Reenactment) § 24–12–31

Mount Hope Bridge Authority G.L.1956 (1979 Reenactment) § 24–13–24

Public Buildings Authority G.L.1956 (1984 Reenactment) § 37–14–12

Kent County Water District G.L.1956 (1984 Reenactment) § 39–16–13

R.I. Public Transit Authority G.L.1956 (1984 Reenactment) § 39–18–12

R.I. Port Authority G.L.1956 (1984 Reenactment) § 42–64–20

City Housing Authorities G.L.1956 (1980 Reenactment) § 45–25–28

Pawtuxet River Authority G.L.1956 (1980 Reenactment) § 46–24–10

2. General Laws 1956 (1980 Reenactment) § 44–4–4.1 involves state owned property that is leased to a lessee for a period of ten years or more. Under these circumstances, subject to specific exceptions as outlined in § 44–4–4.1, the lessee is taxed as the owner of the property. This particular statute has no impact on the issue before this court.

Accordingly, the plaintiff's appeal is denied and dismissed. The judgment of the trial court is affirmed, and the papers are remanded to the Superior Court.