Edward L. Maggiacomo, Sherry Ann Giarrusso, Adler, Pollock & Sheehan, Providence, for plaintiff.

William F. Holt, Kirshenbaum and Kirshenbaum, Thomas B. DiSegna, Cranston, for defendant.

**RUBY ASSOCIATES, INC.**

**v.**

**Nicholas FERRANTI, Jr., et al.**

**No. 90–553–M.P.**

Supreme Court of Rhode Island.

Feb. 24, 1992.

OPINION

MURRAY, Justice.

This petition for certiorari was brought to review a Superior Court decision which declared illegal the existing zone classification applied to the petitioner's land. The Cranston City Council (the city council) denied the request of Ruby Associates, Inc. (Ruby), to amend the town's zoning ordinance. Thereafter, Ruby filed a complaint in the Superior Court, and the Superior Court declared illegal the existing zone classification and ordered the city council to rezone Ruby's land. The city council petitioned this court for a writ of certiorari, which we issued on March 1, 1991. For the reasons stated below, the petition for certiorari is granted and the decision of the Superior Court is vacated.

The undisputed facts are briefly as follows. Ruby is a duly organized corporation authorized to conduct business in Rhode Island. Ruby is the owner of a large tract of land located on Natick Road in the city of Cranston comprising 37.28 acres. The subject property is designated as a portion of zoning Lot No. 108 on zoning plat No. 22–3 and a portion of zoning lot No. 5 of zoning plat No. 22–3.

The Cranston zoning ordinance in Article III "Establishment and Classification of Districts," Section 30–4 "Types Designated," states in part:

"For the purposes of this chapter, the city is hereby divided into the following districts:

| Districts | Intended Primarily for the Use of |
|---|---|
| Residential A–80 | Single-family dwellings on lots not served by public water and of minimum areas of 80,000 square feet. |
| Residential A–20 | Single-family dwellings on lots of minimum areas of 20,000 square feet." |

Ruby's property is presently in an A–80 zone classification which requires a minimum-lot size of 80,000 square feet. Because the subject property can now be served by public water, Ruby filed an application with the city council for a change of zone in February 1989, seeking to rezone the property from A–80 to A–20. This change of zone would permit minimum-lot sizes of 20,000 square feet.

Ruby's application for the change of zone was introduced to the city council as an ordinance. It was duly advertised for a public hearing before the ordinance committee of the city council on April 13, 1989. At the conclusion of the public hearing, the ordinance committee voted favorably to recommend approval of the zone change to the full city council. However, on or about April 24, 1989, the city council voted to deny Ruby's application.

The city council has on numerous occasions rezoned large tracts of land in this western part of Cranston from A–80 to A–20 as public water has become available to that section of the city. The parties submitted as an exhibit, attached to their agreed statement of facts, a list of seventeen such properties.

On May 12, 1989, Ruby filed a complaint in the Superior Court against the city council seeking review of the city council's decision. The city council filed a timely answer, and a hearing was held before a Superior Court justice on July 30, 1990.

On October 29, 1990, the trial justice granted Ruby's request that the city council's decision be reversed. In light of this decision the city council petitioned for a writ of certiorari. The petition for issuance of a writ of certiorari was granted by this court on March 1, 1991.

General Laws 1956 (1991 Reenactment) § 45–24–5[1] grants to municipalities the power to amend or to repeal their zoning ordinances through action by either a city or town council. In *Consolidated Realty Corp. v. Town Council of North Providence*, 513 A.2d 1 (R.I.1986) (*Consolidated*), we stated that "[a]ctions taken by a city or town council pursuant to § 45–24–5 are considered purely legislative in character * * * and thus enjoy an initial presumption of validity and are not generally susceptible of judicial review unless violative of the city's entire comprehensive zoning plan." *Id.* at 2. The instant case is similar to *Consolidated* in that the sole issue is whether the Superior Court had jurisdiction to entertain an appeal from a town council's refusal to enact an amendment rather than a challenge to an amendment after passage. As we noted in *Consolidated*, chapter 24 of title 45 contains no provision for the courts to review, either by writ of certiorari or by appeal, a town or city council's decision to deny an amendment to its zoning ordinance. 513 A.2d at 2. Additionally we concluded in *Consolidated* that the

1. General Laws 1956 (1991 Reenactment) § 45–24–5 provides in part: "The city or town council, as the case may be, shall have power, after a public hearing as herein provided, from time to time, to amend or repeal an ordinance and thereby change the regulations or districts."

Superior Court lacks equity jurisdiction to entertain an appeal from a town council's refusal to enact an amendment to its zoning ordinance. *Id.* Accordingly the trial justice in the instant case erred as a matter of law in determining that the Superior Court could invoke its jurisdiction to entertain this appeal.

We note that a portion of the record relied upon by the trial justice, namely, the transcript of the hearing held before the ordinance committee of the city council, was not certified to this court upon issuance of the writ of certiorari. Thus it was not examined by this court in determining the outcome of this case. However, because this matter is disposed of solely on jurisdictional grounds, we are convinced that had the forementioned transcript been subject to our review, it would have had no impact on the disposition of this case.

For the reasons stated, the petition for certiorari is granted and the decision of the Superior Court is vacated.