DECISION
Before the court is defendant's R.C.P. 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction, and defendant's R.C.P. 12(b) (4) Motion to Dismiss for insufficient service of process.
Facts
Plaintiffs, Joseph Demarco and Elaine Godfrey d/b/a Rockville Stone Mill, applied to the Hopkinton Town Council for a tax exemption on mill property owned by them pursuant to G.L. 1956 (1988 Reenactment) § 443-10. The Town Council denied their request and the plaintiffs appealed the Council's decision to this court pursuant to G.L. 1956 (1988 Reenactment) § 45-5-16. The defendant claims that the proper procedure for appellate review of this decision is by a writ of certiorari to the Supreme Court. The plaintiffs, on the other hand, contend that G.L. 1956 (1988 Reenactment) § 44-5-26, which allows an individual to challenge a tax assessment by filing a petition in the Superior Court, applies to this dispute.
The petitioners bring their claim under G.L. 1956 (1991 Reenactment) § 45-5-16 which states
 Any person aggrieved by any order or decree of a town council may appeal therefrom to the superior court for the county in which the town is located, within forty (40) days next after the order or decree shall have been made, unless other provision be made.
G.L. 1956 (1991 Reenactment) § 45-5-16. This section has been interpreted to provide a time frame in which one can appeal where a statute expressly provides for appeal from the decision of a city or town council rather than providing a right to appeal.Order of St. Benedict v. Town Council, 84 R.I. 503, 505,125 A.2d 150, 151 (1956); Walsh v. Town Council, 18 R.I. 88, 90,25 A. 849, 850 (1892). It is necessary, therefore, to see if the facts of this case give rise to a statutory right to appeal.
G.L. 1956 (1988 Reenactment) § 44-5-26 states in relevant part
 (a) Any person aggrieved on any ground whatsoever by any assessment of taxes against him or her in any city or town, may within three (3) months after the last day appointed for the payment without penalty of the tax, or the first installment thereof, if the tax be payable in installments, file an appeal with the local assessor and within thirty (30) days after a final decision of any local administrative appeal where such person has appealed timely the assessment to the local authority, file a petition in the superior court for the county in which the city or town lies for relief from the assessment.
G.L. 1956 (1988 Reenactment) § 44-5-26. This section provides the exclusive remedy when the taxpayer is challenging an assessment on the grounds that it is excessive, illegal, and/or void. St.Clare Home v. Donnelly, 117 R.I. 464, 469, 368 A.2d 1214, 1217 (1977). Illegal assessments include the case where tax-exempt property is assessed for taxation. CIC-Newport Associates v.Stein, 403 A.2d 658, 663 (R.I. 1979). If the property is exempt, then the individual would be entitled to challenge the assessment pursuant to this section in the Superior Court.
Case law interpreting G.L. § 44-5-26 concerned cases in which a city or town assessed taxes on property for which a statute provided a mandatory exemption. In St. Clare Home, the petitioners were claiming exemption under G.L. 1956 (1970 Reenactment) § 44-3-3(12) which provides mandatory tax exemption for homes for the aged. St. Clare Home, 117 R.I. at 465, 368 A.2d at 1216. Also, in Preservation Society v. Tax Assessor,104 R.I. 559, 247 A.2d 430 (1968), the Legislature enacted a specific statute exempting the plaintiff's property from taxation. Id.
at 560, 247 A.2d at 433-434. On the contrary, in the present case, the petitioners are claiming exemption under G.L. 1956 (1988 Reenactment) § 44-3-10, which states in relevant part
 The city council of any city or the town council of any town may, with the approval of the tax administrator, . . . wholly or partially exempt from taxation for a period of not exceeding one year manufacturing or mill buildings in which manufacturing has not been carried on for at least one year immediately prior to the granting of the exemption. . . .
G.L. 1956 (1988 Reenactment) § 44-3-10 (emphasis added).
Laws exempting property from taxation are to be strictly construed in favor of the taxing authority. Roger WilliamsGeneral Hospital v. Littler, 566 A.2d 948, 950 (R.I. 1989);Woonsocket Hospital v. Lagace, 113 R.I. 95, 100, 318 A.2d 472, 475 (1974) (citing Woonsocket Hospital v. Quinn, 54 R.I. 424, 429, 173 A. 550, 552 (1934)). If any doubt or ambiguity exists in a statute that grants an exemption, the doubt must be resolved in favor of taxation. Littler, 566 A.2d at 950; City ofProvidence v. Killoran, 447 A.2d 369, 371 (R.I. 1982). The person claiming the exemption has the burden of showing that the subject property falls within the statute. Preservation Societyv. Newport Tax Assessor, 99 R.I. 592, 596, 209 A.2d 701, 704 (1965). The judicial function is to ascertain the intent of the legislature and give effect thereto. Id. at 597, 209 A.2d at 704.
Clearly, the statute at issue in this case does not mandate an exemption for idle mill and manufacturing property. The city or town council in question is given discretion in deciding whether to grant the exemption or not. As the property was not automatically exempt, and the town council denied the request for exemption, this matter does not fall within the parameters of G.L. 1956 (1988 Reenactment) § 44-5-26. In addition, G.L. §44-3-10 provides no statutory right to appeal to the Superior Court. Having decided that no statutory right to appeal exists in this case, the court must decide whether the Council's decision is subject to judicial review under any other theory.
The Supreme Court has held that when a city or town council acts in a legislative capacity, the Superior Court is without equity jurisdiction to review the council's actions. RubyAssociates, Inc. v. Ferranti, 603 A.2d 331, 332-333 (R.I. 1992);Consolidated Realty Corp. v. Town Council of North Providence,513 A.2d 1, 2 (R.I. 1986). In Ruby Associates, the plaintiffs asked the Cranston City Council for a zoning change which was refused. Ruby Associates, 603 A.2d at 331. The plaintiffs appealed the decision to the Superior Court. Id. The Court held that the actions taken by the city council under the statute in question were purely legislative in character. Id. at 332. As such, they are entitled to an initial presumption of validity and are not susceptible to judicial review unless the actions are violative of the city's entire comprehensive zoning plan. Id.
The taxing power is vested exclusively in the legislature.General Finance Corp. v. Archetto, 93 R.I. 392, 395-396,176 A.2d 73, 75 (1961). It follows that the granting of tax exemption is also a function of the legislature. Id.
In the present case, the Hopkinton Town Council was acting in a purely legislative capacity, entitling its decision to an initial presumption of validity. According to case law, the Superior Court lacks jurisdiction to entertain the plaintiffs' appeal.
Conclusion
The court has considered the arguments of counsel as well as the memoranda submitted in support of those arguments. After careful review, the court finds that as the Town Council was acting in a purely legislative capacity, the Superior Court lacks jurisdiction to hear the plaintiff's appeal. Therefore, it is unnecessary to address the issue of sufficiency of process. Accordingly, the defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted.
Counsel shall prepare an appropriate order for entry.