STUYVESANT FISH *vs.* JOHN S. COGGESHALL.

NEWPORT—DECEMBER 21, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Taxation. Legal and Equitable Owner.*

Gen. Laws R. I. cap. 45, § 4, provides that taxes on real estate shall be assessed to the owner. February 28, 1898, a tax was assessed against the plaintiff for the land in question. Plaintiff had an oral agreement for the purchase of the land, but did not receive the deed or pay for it until March 14, or take possession until after that date :—

*Held*, that he could not be regarded as an equitable owner prior to that time, and was not liable for the tax.

ASSUMPSIT to recover a tax paid under protest. For previous opinion in this case, see 22 R. I. 223. Certified from District Court, and heard on agreed statement of facts.

PER CURIAM. Gen. Laws cap. 45, § 4, provides that taxes on real estate shall be assessed to the owner.

February 28, 1898, a tax on real estate in Newport was assessed against the plaintiff, which he paid under protest, and he now sues to recover back the amount so paid.

(1)    At the time of the assessment the plaintiff was not the owner of the land in question.    He had agreed orally to purchase it at a price named, but he did not pay for it until March 14th, 1898, when the deed was delivered to him.    The defendant claims that the plaintiff was the equitable owner at the time of the assessment, because of the contract and the fact that he had taken possession of the property.    This latter assertion is not established as a fact by the evidence. The plaintiff was first notified of the acceptance of his offer for the land on March 8, 1898, while he was in Mississippi, and he at once forwarded a check for the purchase-money. With no enforceable contract and no authority to enter, he cannot be regarded as an equitable owner prior to that time. See *McKee* v. *McCardell*, 22 R. I. 71.    He was not liable for the tax when it was assessed, and is entitled to recover it back.

Case remitted to the District Court of the First Judicial District, with direction to enter judgment for the plaintiff for $178.41 and costs.

*William P. Sheffield, Jr.*, for plaintiff.
*J. Stacy Brown*, for defendant.