WOONSOCKET HOSPITAL *vs.* JAMES W. QUINN, City Treasurer, City of Woonsocket.

JUNE 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of assumpsit brought by the plaintiff, a Rhode Island corporation, against the defendant, sometime treasurer of the city of Woonsocket, to recover certain taxes claimed to have been illegally assessed. The action being at issue in the Superior Court and the parties having filed an agreed statement of facts, the action was certified to this court for determination of the questions of law involved. (G. L. 1923, C. 348, s. 4.)

It appears in the statement that plaintiff is a charitable corporation incorporated by the general assembly for the

purpose of erecting, supporting and maintaining in Woonsocket a hospital; that it does maintain such a hospital; that the real estate now sought to be taxed was leased in 1912 for a term of years to the F. W. Woolworth Co. and the entire net income derived therefrom has been devoted to the support and maintenance of said hospital for the relief, cure and general care of the sick and injured; that the net income of the hospital from all sources has been and now is insufficient properly to maintain and support the hospital.

The real estate in question with the buildings thereon is situated on Main street in Woonsocket. It was conveyed to the hospital in 1908 by the trustee under the will of Anna Nourse, late of Woonsocket, deceased, to have and to hold the same forever "to be used for the purposes for which the hospital was created." This real estate was never assessed by the city, nor was any tax paid thereon prior to 1931, then, for the first time, it was included in the regular tax assessments of the city, and the tax assessed was paid under protest.

The original charter of the hospital, enacted May 29, 1873, provided as follows: "Sec. 2. Said corporation may take, hold, transmit and convey real and personal estate to an amount not exceeding three hundred thousand dollars, to be used and improved for the erection, support and maintenance of an hospital for the relief, cure and general care of the sick; such hospital to be located in the town of Woonsocket, and such relief to be so far charitable as its means and endowments will permit. And the property of said corporation, both real and personal, shall not at any time be liable to be assessed in the apportionment of any state or town tax."

In April, 1913, Section 2 was amended by increasing the authorized holdings of the hospital and by the addition to the exemption clause of the words: "so long as said property" etc. The amended statute is as follows: "Sec. 2. Said corporation is constituted for the purpose of erecting,

supporting and maintaining an hospital for the relief, cure and general care of the sick and injured. The same to be located in the city of Woonsocket and the benefits extended by said corporation to be so far charitable as its means and endowments will permit. Said corporation may take, hold, transmit, purchase and convey real and personal estate to an amount not exceeding six hundred thousand dollars to be used and improved for the purposes hereinbefore stated and the property of said corporation, both real and personal, shall not at any time be liable to be assessed in the apportionment of any city, town or state tax, so long as said property shall be used for the purposes for which said Woonsocket Hospital is incorporated."

In April, 1922, Section 2 of the charter was again amended by the removal of any limitation of the amount of the real and personal property which the corporation could acquire and hold.

It is clear from the express provisions of the original charter that the general assembly intended to foster and promote the relief and cure of the sick in Woonsocket and anticipated that the hospital would be endowed for such purpose. The endowment expected was of both real and personal property. Both kinds of property and the income therefrom were treated alike; no distinction was made with respect to the character of the property or the source of the income; the exemption from taxation was general.

The purpose of the exemption as stated in the charter is "such relief to be so far charitable as its (the hospital's) means and endowments will permit" or, in other words, to provide as much charitable and free service as possible. Forty years later, in 1913, the corporation was authorized to take, purchase, hold and convey real and personal estate to an amount not exceeding $600,000. The exemption clause provided that the property of the corporation "both real and personal" should not "be liable to be assessed in the apportionment of any city, town or state tax, so long as said property shall be used for the purposes for which said Woonsocket Hospital is incorporated."

The town of Woonsocket was incorporated as a city in 1888. The addition to the exemption clause of the prohibition of a city tax in the amendment is significant. It appears to have been intended to make plain that the change from a town to a city government did not alter the exemption previously granted to the hospital. Defendant contends that the addition to the exemption clause in the amendment made the nonliability to assessment for taxes depend, not on the ownership, but on the use of the property for the purposes for which the hospital was incorporated.

The precise question for our determination is whether the general assembly has, by amendment of the original charter, changed and restricted the general exemption granted by said charter. In *Providence & Worcester R. R.* v. *Wright*, 2 R. I. 459, this court said that taxation is a subject on which each State has, and is entitled to have, its own views of justice and policy and, where these views are carried out by legislation, the court is bound to give to this legislation its proper effect.

Exemption from taxation is to be determined not by the policy or the laws of other states but by the constitution and the laws of this State. *City of Providence* v. *Hall*, 49 R. I. 230; *Brown University* v. *Granger*, 19 R. I. 704, 711. The policy of this State with respect to certain exemptions from taxation is evinced in Chapter 58, G. L. 1923. Therein the exemptions differ for various institutions. For example, (Sec. 2) one kind of exemption is as follows: buildings for free public schools, buildings for religious worship, and the land upon which they stand, and which immediately surrounds the same to an extent not exceeding one acre, so far as said buildings and land are occupied and used exclusively for religious or educational purposes; and (in the same section) the "property, real and personal, held for or by any fraternal corporation, association or body created to build and maintain a building or buildings for its meetings . . . the entire net income of which real and personal property is exclusively applied or to be used

to build, furnish and maintain an asylum or asylums, a home or homes, a school or schools, for the free education or relief of the members of such fraternity, or for the relief, support and care of worthy and indigent members of the fraternity, their wives, widows or orphans." As thus appears there is no novelty in the exemption from taxation of the net income from both real and personal estate, provided such income is used exclusively for a purpose approved by the general assembly.

Laws exempting property from taxation are to be strictly construed. But in the instant case the language of the charter and the amendments thereto makes clear the intention of the general assembly, so clear in fact that a construction of the charter is uncalled for. The original exemption was evidently insufficient to secure the desired result. The increase in the authorized holdings of real and personal estate and the removal finally of any limitation of such holdings could have but one purpose, namely, to increase the property and the income therefrom available for the relief of suffering in the city of Woonsocket. To foster the hospital by provision for its aid and at the same time to burden it by taxation is inconsistent with the legislative purpose.

It is true that the city is deprived of certain taxes but, in return, it receives benefits which otherwise it would secure only by additional taxation. The exemption from liability to assessment "so long as said property shall be used for the purpose for which said Woonsocket Hospital is incorporated" in no wise changes or restricts the original exemption; it merely emphasizes the legislative intent that the exemption shall inure only for the benefit of the public.

It further appears in the statement that the uniform construction adopted by the city of Woonsocket itself, during the period of eighteen years which elapsed between the enacting of the amendment and the assessment of 1931, was that the property was exempt. Such an unchanging and practical interpretation of the amended charter, con-

tinuing for so long a period, is, in case of doubt, an important consideration in the determination of the meaning of the statute. *Providence Athenaeum* v. *Tripp, C. T.*, 9 R. I. at 563; *Dyer* v. *Osborn*, 11 R. I. 321; *Brown University* v. *Granger, supra; City of Providence* v. *Hall, supra.*

As this property was not liable to assessment the corporation was not required to render an account thereof to the assessors. In *O'Reilly* v. *Clarke*, 48 R. I. 407, this principle was recognized in the case of property owned by the State.

We think that the legislature intended to exempt all the real estate from taxation, including that owned and held by or for the use of said corporation, whether or not it was actually occupied by said corporation. We are of the opinion that in the circumstances the assessment of any of the property of the hospital was illegal, and we so answer the question certified to us.

Our decision is for the plaintiff for $26,482.47, with interest from January 25, 1932.

The papers in the case are ordered sent back to the Superior Court with our decision certified thereon with direction to enter final judgment upon said decision.

*Tillinghast & Collins, Greenough, Lyman & Cross*, for plaintiff.

*Morris E. Yaraus, City Solicitor*, for defendant.