318 A.2d. 472.

THE WOONSOCKET HOSPITAL *vs.* ARTHUR LAGACE,
*Tax Assessor of the City of Woonsocket.*

APRIL 23, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. These three petitions were filed in the Superior Court pursuant to the provisions of G. L. 1956 (1970 Reenactment) §44-5-26, as amended, seeking relief from an assessment of taxes on certain income-producing real estate owned by petitioner on the ground that under its charter the property in question was exempt from taxation.

The petitioner is a charitable institution which was incorporated by the General Assembly in 1873 for the purpose of erecting, supporting and maintaining a hospital in the city of Woonsocket. Section 2 of the original charter reads as follows:

> "Sec. 2. Said corporation may take, hold, transmit and convey real and personal estate to an amount not exceeding three hundred thousand dollars, to be used and improved for the erection, support and maintenance of an hospital for the relief, cure and general care of the sick; such hospital to be located in the town of Woonsocket, and such relief to be so far charitable as its means and endowments will permit. And the property of said corporation, both real and personal, shall not at any time be liable to be assessed in the apportionment of any state or town tax."

Pursuant to its charter petitioner has erected, supported and maintained a hospital in Woonsocket.

In 1913, the General Assembly amended sec. 2 of petitioner's charter by increasing the authorized holdings of the hospital, by providing relief for the "injured," and by adding to the exemption clause the words "* * * so long as said property shall be used for the purposes for which said Woonsocket Hospital is incorporated." Section 2, as amended, reads as follows:

> "Sec. 2. Said corporation is constituted for the purpose of erecting, supporting and maintaining an hospital for the relief, cure and general care of the sick and injured. The same to be located in the city of

Woonsocket and the benefits extended by said corporation to be so far charitable as its means and endowments will permit.

"Said corporation may take, hold, transmit, purchase and convey real and personal estate to an amount not exceeding six hundred dollars [sic] to be used and improved for the purposes hereinbefore stated and the property of said corporation, both real and personal, shall not at any time be liable to be assessed in the apportionment of any city, town or state tax, so long as said property shall be used for the purposes for which said Woonsocket Hospital is incorporated."

In 1922, sec. 2 of the charter was again amended by the removal of any limitation on the amount of real and personal property which the hospital could acquire and hold.

In addition to the buildings actually used for hospital facilities, petitioner also owns certain income-producing real estate which it has leased to certain commercial businesses. That property consists of the following:

(a) Dunkin Donuts building constructed by petitioner in 1962 on land which it purchased and leased to Dunkin Donuts Shops, Inc.

(b) Sun Oil Company gasoline station constructed by Sun Oil Company on land purchased by petitioner and leased to Sun Oil Company.

(c) Mini-shopping center which contains a drug store, a supermarket and a soft goods discount store. It was constructed by petitioner on land purchased by it in 1947.

The petitioner executed an assignment of rents to Rhode Island Hospital Trust National Bank as additional collateral security for moneys loaned to petitioner. The tenants paid their rents directly to the bank and, after retaining sums for the mortgage payments, the bank paid over to petitioner the balance, which went into the hospital's general funds and plant funds (used for maintenance of buildings and improvements).

The respondent tax assessor assessed taxes on the above-described property for the years 1969, 1970 and 1971. The petitioner, claiming that the property so assessed was used for purposes reasonably necessary for the support and maintenance of the hospital and was therefore exempt from taxation under the exemption clause of sec. 2, as amended, paid the taxes under protest and then filed the instant petitions.

The parties submitted the petitions to a justice of the Superior Court on an agreed statement of facts. A copy of the hospital's annual reports for the years in question was annexed to and made part of the agreed statements. The petitions were consolidated and set down for hearing on a motion for summary judgment filed by petitioner. However, the trial justice treated the matter as a question of law on the facts as stipulated. The trial justice found, on the basis of the stipulated facts and annual reports, that all of the net income derived from the subject real estate was devoted to the general purposes of the hospital and that if it were not for other income than that derived from patient care, petitioner would have suffered severe deficits in the years involved in this proceeding. He held that the issue presented in these appeals was the very question raised and decided in *Woonsocket Hospital* v. *Quinn*, 54 R. I. 424, 173 A. 550 (1934), and that therefore that case was dispositive of these petitions. Accordingly he ruled that the challenged assessments were illegal and void and that petitioner was entitled to a refund of the taxes paid. Each case is before us on respondent's appeal from the judgments entered granting the relief prayed for.

The principal issue raised by this appeal is whether, in view of sec. 2 of petitioner's charter granting tax exemption for hospital purposes, the city of Woonsocket can lawfully assess real estate taxes for the years in question on property owned by and producing income for the support and maintenance of Woonsocket Hospital solely because said prop-

erty was being put to commercial use. For reasons that follow we hold that, on the facts stipulated, *Woonsocket Hospital* v. *Quinn, supra,* is dispositive of these petitions and that therefore the city of Woonsocket had no authority to tax the subject real estate. *See also Preservation Society* v. *Tax Assessor,* 104 R. I. 559, 247 A.2d 430 (1968).

The facts in *Woonsocket Hospital* v. *Quinn, supra,* are substantially similar to those here. The hospital received the property involved in that case in 1908 under a will "* * * to have and to hold the same forever 'to be used for the purposes for which the hospital was created.' " The hospital leased the property in 1912 for a term of years to the F. W. Woolworth Co., and the entire net income derived therefrom was devoted to the support and maintenance of the hospital for the relief, cure and general care of the sick and injured. The net income of the hospital from all sources was insufficient to properly maintain and support the hospital. In 1931, for the first time, the city of Woonsocket taxed the property in question.

After reviewing the history of the hospital's charter, the court in *Quinn* pointed out that the exemption from taxation in the original charter was general and that, contrary to the city's contention, the General Assembly had not, by amendment of the original charter, changed and restricted the general exemption granted by the original charter. Then, after discussing the policy of this state with respect to certain exemptions from taxation granted by the General Assembly for buildings for free public schools, buildings for religious worship, and buildings for certain fraternal orders, the court concluded that there was

"* * * no novelty in the exemption from taxation of the net income from both real and personal estate, provided such income is used exclusively for a purpose approved by the general assembly."

With respect to the language of the original charter and the amendments thereto the court said:

"Laws exempting property from taxation are to be strictly construed. But in the instant case the language of the charter and the amendments thereto makes clear the intention of the general assembly, so clear in fact that a construction of the charter is uncalled for. The original exemption was evidently insufficient to secure the desired result. The increase in the authorized holdings of real and personal estate and the removal finally of any limitation of such holdings could have but one purpose, namely, to increase the property and the income therefrom available for the relief of suffering in the city of Woonsocket. To foster the hospital by provision for its aid and at the same time to burden it by taxation is inconsistent with the legislative purpose." *Woonsocket Hospital* v. *Quinn, supra* at 429, 173 A. at 552.

The *Quinn* court concluded that the Legislature intended to exempt all the real estate from taxation, including that owned and held by or for the use of the hospital, whether or not it was actually occupied by it.

We agree with the reasoning of the court in *Quinn* and with its conclusion that the language of sec. 2 of the charter is so clear that it requires no construction. The use of the word "supporting" in the first sentence of sec. 2, as amended, connotes that the Legislature contemplated that the hospital would receive income from sources other than the fees received from patients.

The controlling charter provisions in the case at bar and in *Quinn* are identical. And, as we have previously stated, the facts are similar, the only difference being that in *Quinn* the property was acquired by will and here it was acquired by purchase. This is a difference without legal significance. The important factor is that in both instances the net income derived from the subject properties was devoted to the general uses of the hospital. For the reasons stated, we hold that *Woonsocket Hospital* v. *Quinn, supra,* is dispositive of these petitions and that, under the controlling

"so long as" clause of sec. 2, the real estate in question was exempt from taxation.

There is no merit to respondent's contention that the words "* * * so long as said property shall be used for the purposes for which said Woonsocket Hospital is incorporated * * * " import a use of property exclusively for hospital purposes. Had the Legislature intended such a meaning it would have said so in clear and unmistakable language. *See Preservation Society* v. *Tax Assessor, supra* at 565, 247 A.2d at 434. In view of the plain meaning of the language of sec. 2 of petitioner's charter, we do not deem it necessary to discuss at length the cases cited by respondent other than to point out that the pertinent statutes in *Cedars of Lebanon Hospital* v. *County of Los Angeles,* 35 Cal.2d 729, 221 P.2d 31 (1950) and *Howard University* v. *District of Columbia,* 155 F.2d 10 (D.C. Cir. 1946) expressly required exclusive use. Whatever the law may be elsewhere, we are bound by the clear language of sec. 2. That section does not require exclusive use as a precondition to entitlement to exemption so long as the net income is used for the purposes set forth in the charter.

The respondent next contends that the commercial leasing was ultra vires corporate action. We do not agree. Section 2 of petitioner's charter states that the corporation may take, hold, transmit, purchase and convey real and personal property for the purposes set forth in the charter, namely, those of erecting, supporting and maintaining a hospital for the relief, cure and general care of the sick and injured. Section 2 further provides that the hospital is to be located in the city of Woonsocket and that the benefits extended by it are "to be so far charitable as its means and endowments will permit." As we have previously stated, the use of the word "supporting" in sec. 2 indicates that the Legislature contemplated that the hospital would receive income from sources other than revenue from patients.

Such income could be in the form of interest and/or dividends from stocks and bonds, and income from rent-producing real estate. We are satisfied that the leasing of its real property to commercial enterprises was within the scope of the hospital's charter, so long as the rental income derived therefrom was used for the hospital's maintenance and support.

Having found that *Woonsocket Hospital* v. *Quinn, supra,* is controlling here there is no reason to discuss respondent's argument that res judicata is not applicable.

We find no merit in respondent's *stare decisis* argument. It has failed to persuade this court that it should modify or reverse the decision in *Woonsocket Hospital* v. *Quinn, supra.* That case was decided in 1934. Notwithstanding the holding in that case, the General Assembly chose not to amend petitioner's charter for a period of over thirty years. Such long-standing acquiescence warrants an assumption of legislative approval. *Mercurio* v. *Fascitelli & Fashion Builders, Inc.,* 107 R. I. 511, 268 A.2d 427 (1970).

We consider next the effect of the 1972 amendment to petitioner's charter whereby the General Assembly expressly limited petitioner's tax exemption to "* * * property of said corporation, both real and personal, occupied and used exclusively as a hospital for the relief, cure * * *." In urging that the 1972 amendment is retrospective, respondent argues that the Act as amended does not establish a change in the intention of the Legislature, but re-declares the intention that the Legislature sought to include in the 1913 amendment, when it restricted the tax exemption to property used for hospital purposes.

The respondent's contention fails for at least two reasons. First, the court in *Quinn* held that the

"* * * exemption from liability to assessment 'so long as said property shall be used for the purpose for which said Woonsocket Hospital is incorporated' in no wise changes or restricts the original exemption; it merely

emphasizes the legislative intent that the exemption shall inure only for the benefit of the public." *Id.* at 429, 173 A. at 552.

Second, a statute is to be construed as having only a prospective operation unless the purpose and intention of the Legislature to give it a retrospective effect is expressly declared or is necessarily inferred from the language used. *Russell* v. *National Life Ins. Co.,* 77 R. I. 127, 74 A.2d 240 (1950). It is neither expressly declared nor necessarily implied by the language used in the 1972 amendment that the Legislature intended to give it retrospective effect. On this record we must conclude that the 1972 amendment was intended to have only prospective application.

The respondent's final argument is that *stare decisis* should not apply here because in the case at bar, unlike the *Quinn* case, there was an assignment of rentals to the mortgagee. This is a difference without legal significance and therefore it has no bearing on the question of whether or not the doctrine of *stare decisis* is applicable here.

The respondent's appeal in each case is denied and dismissed, the judgments appealed from are affirmed, and each case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Tobin, Decof, LeRoy & Silverstein, Michael A. Silverstein,* for petitioner.

*M. Durkan Cannon,* Asst. City Solicitor, for respondent.