**CITY OF PROVIDENCE**

v.

**Robert KILLORAN, Town Manager of
the Town of Narragansett et al.**

No. 79–497–Appeal.

Supreme Court of Rhode Island.

July 1, 1982.

John Rotondi, Jr., Deputy City Sol., Frank Mastrati, Jr., Asst. City Sol., Providence, for appellant.

Matthew F. Callaghan, Jr., Town Sol., Narragansett, for appellee-Town of Narragansett.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the city of Providence (the city) from a judgment of the Superior Court denying its request for a permanent injunction preventing the town of Narragansett (the town) from assessing and collecting taxes and levying on land owned by the city located within the town. We affirm.

The facts of this case are not in dispute and may be summarized briefly. The city owns a parcel of land in the town which it acquired from the United States by a deed dated June 10, 1957. Since acquiring the property, the city has used it for recreational purposes without receiving compensation.

Prior to the 1972 tax year, the town did not assess or tax this property. In the tax year of 1972, however, the town assessed and taxed the city for the land. The town continued this practice for the 1973 and 1974 tax years. The city failed to pay the taxes for any of these years. Accordingly, on January 15, 1975, the town notified the city that a total of $12,941.49 was due as taxes assessed during these years and that failure to make payment on or before February 14, 1975, would result in a tax sale of the land.

The city filed a complaint in the Superior Court, seeking to permanently enjoin the town from assessing and collecting taxes on the land. The trial justice, after a hearing, denied the city's request.

The sole issue before this court is whether land owned by one municipality used solely for recreational purposes can be taxed by the local government of a second municipality in which the land is located. The city contends that land owned by a municipality used for general recreation is exempt from taxation. Additionally, the city argues that because of the town's long-continued failure to assess and tax the land, the land has become exempt by implication.

These contentions are without merit. In *Society for the Preservation of New England Antiquities v. Tax Assessors of Newport*, 62 R.I. 302, 5 A.2d 293 (1939), this court stated, "our general assembly 'has the entire control over the subject of taxation, to say what shall be taxed, and how much and what shall be exempt.'" *Id.* at 305, 5 A.2d at 295 (quoting *Providence & Worcester Railroad Co. v. Wright*, 2 R.I. 459 at 464–65 (1853)). The General Assembly delegated to the municipalities the power to tax real and personal property located within their borders. General Laws 1956 (1980 Reenactment) § 44–5–1. The General Assembly in § 44–3–1 provided, however, that

"[a]ll real property in the state, and all personal property belonging to the inhabitants thereof, * * * shall be liable to taxation unless otherwise specially provided."

The remaining sections of chapter 3, which specify the property exempt from taxation, do not provide an exemption for municipally owned property.

Because there is no doubt or ambiguity in these statutes, there is no room for construction. In *Brier Manufacturing Co. v. Norberg*, 119 R.I. 317, 322, 377 A.2d 345, 348

(1977), this court stated that in construing a section setting forth an exemption from taxation, "the words used are to be given their plain meaning unless a contrary intention clearly appears; except where the language admits of ambiguity, the words of a statute cannot be interpreted or extended but must be applied literally." *See also Little v. Conflict of Interest Commission,* R.I., 397 A.2d 884 (1979); *Statewide Multiple Listing Service, Inc. v. Norberg,* 120 R.I. 937, 392 A.2d 371 (1978).

Even if a doubt or ambiguity existed in a statute granting an exemption, such doubt must be resolved in favor of taxation. Although the city argues that if two views were possible, the court should adopt the view granting tax exemption, this contention is inconsistent with the prior decisions of this court. Article 1, section 2, of our constitution provides that "the burdens of the state ought to be fairly distributed among its citizens." In obedience to this provision,

> "it is settled with us that laws exempting property from taxation are to be strictly construed. Exemption from taxation cannot be read into the statute by implication. Since a grant of exemption is not to be presumed, any doubt or ambiguity must be resolved in favor of the public. The burden is upon the person claiming an exemption to show that he is within the terms of the statute." *Society for the Preservation of New England Antiquities v. Tax Assessors of Newport,* 62 R.I. at 307–08, 5 A.2d at 296.

It is also well settled that a right of exemption cannot be claimed merely because of the failure of the town to tax the property for a long period. *Powers v. Harvey,* 81 R.I. 378, 103 A.2d 551 (1954); *Providence Athenaeum v. Tripp,* 9 R.I. 559 (1870). Such practice would be entitled to weight in

determining the meaning of the statute only if the meaning of the statute were open to doubt. *City of Providence v. Hall,* 49 R.I. 230, 142 A. 156 (1928). As stated above, there can be no doubt in the instant case. The plain language of the taxing statute mandates that all real property is taxable "unless otherwise specially provided." In view of this statutory mandate we feel that an exemption cannot be implied for municipally owned property used for a nongovernmental function. *Id.* at 238, 142 A. at 159.[1] Accordingly, we hold that the tax assessment was valid.

The appeal brought by the city is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

---

1. Although the city stresses that some courts in other jurisdictions have recognized an implied exemption for municipally owned property, we find the city's reliance on these authorities to be misplaced. In determining whether an exemption for municipally owned property is available in Rhode Island, we must depend upon the constitution and laws of this state.

*City of Providence v. Hall,* 49 R.I. 230, 142 A. 156 (1928); *see Society for the Preservation of New England Antiquities v. Tax Assessors of Newport,* 62 R.I. 302, 5 A.2d 293 (1939); *Woonsocket Hospital v. Quinn,* 54 R.I. 424, 173 A. 550 (1934); *Brown University v. Granger,* 19 R.I. 704, 36 A. 720 (1897).