**ROGER WILLIAMS GENERAL
HOSPITAL et al.**

v.

**Theodore LITTLER.**

**RHODE ISLAND HOSPITAL et al.**

v.

**Theodore LITTLER.**

**Nos. 88-126-Appeal, 88-127-Appeal.**

Supreme Court of Rhode Island.

Dec. 5, 1989.

G. Nebergall, Edwards & Angell, Providence, for plaintiff.

David D. Curtin, City Sol., Joseph A. Rotella, Providence, for defendant.

OPINION

SHEA, Justice.

These consolidated cases are before the Supreme Court on appeal by the plaintiff hospitals from judgments for the defendant tax assessor for the city of Providence. The cases were presented to the Superior

Court on an agreed statement of facts accompanied by affidavits from the Purchasing Manager for Rhode Island Hospital and the assistant vice president for finance of Roger Williams General Hospital. We affirm.

Both hospitals are tax exempt charitable corporations operating under charters enacted by the Rhode Island General Assembly in 1863 for Rhode Island Hospital and in 1904 for Roger Williams General Hospital.

The charters are similar. Roger Williams's Charter, last amended in 1982, provides in relevant part:

"Sec 2. The said corporation may take and receive, hold, purchase, and possess real and personal estate, to be used and improved for the support and maintenance of a hospital in the state of Rhode Island and for carrying into effect the charitable and humane intentions of the corporation to such an amount as may in its judgment be necessary not exceeding in the aggregate fifty million dollars ($50,000,000), which shall be exempt from all taxation in this state."

The charter of Rhode Island Hospital, as amended in 1910, provides in relevant part:

"Sec 2. The said corporation may take and receive, hold, purchase and possess, real and personal estate, to be used and improved for the erection, support, and maintenance of a hospital in the state of Rhode Island, and for carrying into full effect the charitable and humane intentions of the corporation; and the property and estate of said corporation, both real and personal, shall not at any time be liable to be assessed in the apportionment of any state or town tax."

In an effort to control expenses, the hospitals entered into commercial lease agreements to acquire equipment from leasing companies. Under the provisions of the leasing agreements the hospitals are responsible for any property taxes assessed against any equipment covered by the lease. On December 31, 1984, and again on December 31, 1985, the Providence city assessor assessed tangible personal property taxes against the equipment leased by the hospitals. The hospitals were billed for the taxes by the leasing companies, which, on receipt of the payment from the hospitals, remitted the taxes to the city of Providence.

The hospitals brought suit in the Superior Court for relief, and the cases were consolidated for trial. After consideration of cross-motions for summary judgment the trial justice granted defendant tax assessor's motions and judgments were entered for defendant. The plaintiffs filed appeals which were ordered consolidated for consideration by this court.

On appeal the hospitals argue that the specific language in the legislative charters insulates them from property taxes. They claim that the language " * * * to take and receive, hold, purchase and possess real and personal estate" without paying taxes implies that leased property is also exempt. They insist that the quoted language evidences a clear intent on the part of the Legislature to base tax exemption upon a broad range of property interests, including leasehold interests. The hospitals also argue that the equipment in question, as it is used exclusively for hospital purposes, is exempt from tax. The exemption, therefore, has nothing to do with the leasing companies which, of course, are not exempt but only with the leased equipment itself. The tax assessor argues that the tax exemption provided by the charters of the hospitals applies only to property that is purchased or owned by the hospital.

The hospitals direct our attention to this court's opinions in *Woonsocket Hospital v. Lagace*, 113 R.I. 95, 318 A.2d 472 (1974), and *Woonsocket Hospital v. Quinn*, 54 R.I. 424, 173 A. 550 (1934). In both of those cases taxes were assessed on property that the Woonsocket Hospital owned but had leased to commercial businesses that were not tax exempt. This court ruled that under the terms of its charter the hospital was exempt from payment of those taxes. However, since title to the property in question was in the hospital, the two cases are clearly distinguishable from the cases before the court.

On one previous occasion this court was asked to consider a case involving issues similar to those before us.[1] That matter, however, was disposed of by an order following a hearing on the show cause calendar. In that case Foster Parents Plan International, Inc., a nonprofit tax exempt corporation, leased real estate from a business, Oakwood Office Park Associates, which was not tax exempt. The Superior Court dismissed Foster Parents Plan's petition challenging the assessment and Foster Parents appealed the dismissal to this court. Our order dismissing the appeal noted that the tax assessor rightfully assessed taxes on this property to the owner, namely Oakwood Office Park Associates, which is a general partnership and not tax exempt.

 This court has held many times that laws which exempt property from taxation must be strictly construed. *City of Providence v. Killoran*, 447 A.2d 369, 371 (R.I. 1982); *Woonsocket Hospital v. Quinn*, 54 R.I. at 429, 173 A. at 552. In cases where no ambiguity in the statute is evident, the words in the statute must be applied literally. *In re Steven*, 510 A.2d 955, 957 (R.I. 1986). If an ambiguity appears in the statute granting an exemption, it must be resolved in favor of taxation. *City of Providence v. Killoran*, 447 A.2d at 371. All words used in a statute must be given their plain and ordinary meaning. *Roadway Express, Inc. v. Rhode Island Commission for Human Rights*, 416 A.2d 673, 674 (R.I. 1980).

 In our opinion, of the two charters under consideration, the language used in the charter of Rhode Island Hospital more clearly expresses the intent of the Legislature. The fact that the precise language does not appear in the Roger Williams Hospital charter is of no great significance. There is no reason to believe that the Legislature intended to treat the two hospitals differently. In both charters the Legislature granted tax exempt status to charitable corporations performing the same kind of public service in separate areas of the state.

The specific language we refer to is the later portion of section 2 of the Rhode Island Hospital Charter that reads: "[A]nd the property and estate of said corporation, both real and personal, shall not at any time be liable to be assessed." That clear language, literally applied, would limit the exemption to the property and estate owned by the corporation. "[E]very word, sentence, or provision has some useful purpose and will have some force and effect." *State v. Reis*, 430 A.2d 749, 752 (R.I.1981). In our opinion that language would preclude any extension of the exempt status to leased property. The hospitals' attempt to extend its tax-exempt-status to property that it does not own must fail. An exemption from taxation is in the nature of a personal privilege and is neither assignable nor transferable. *See Nabisco, · Inc. v. Korzen*, 68 Ill. 2d 451, 369 N.E.2d 829 (1977).

For these reasons the appeals are denied and dismissed, the judgments appealed from are affirmed, and the papers of the cases are remanded to the Superior Court.

WEISBERGER, J., did not participate.

---

1. *Foster Parents Plan, Int'l., Inc. v. Sheehan*, No. 87–352–A. (Order entered December 16, 1987).