RHODE ISLAND HOSPITAL and Women and Infants Hospital of Rhode Island

v.

CITY OF PROVIDENCE and Thomas Rossi, in his capacity as Tax Assessor for the City of Providence.

No. 96–125–Appeal.

Supreme Court of Rhode Island.

May 2, 1997.

Peter J. McGinn, Steven Richard, Providence.

Richard G. Riendeau, Providence.

Before LEDERBERG, BOURCIER and SHEA (Ret.), JJ.

**ORDER**

This case came before a panel of the Supreme Court on April 15, 1997, pursuant to an order that directed the defendants, the City of Providence (city) and Thomas Rossi, in his capacity as Tax Assessor for the city, to show cause why the issues raised in their appeal should not be summarily decided. The defendants have appealed from a summary judgment entered in the Superior Court in favor of the plaintiffs, Rhode Island Hospital and Women and Infants Hospital of Rhode Island, which judgment found that real estate owned by the plaintiffs was exempt from taxation.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

It is undisputed that plaintiffs jointly own the Medical Office Center at 2 Dudley Street in Providence, Rhode Island, and that Rhode Island Hospital owns the land upon which this building stands. Approximately two-thirds of this building are used exclusively to hospital purposes, while the remaining one-third is rented by plaintiffs to various tenants. On May 26, 1995, plaintiffs filed an action in Superior Court, challenging the

city's 1994 property tax assessment of the portion of building leased by the hospitals to private physicians and other tenants. The plaintiffs alleged that the assessment of property taxes was unlawful because the property is non-ratable and exempt from taxation. In July 1995, the city sent plaintiffs a bill for the 1995 property tax assessment on the same building. The plaintiffs filed a second complaint in the Superior Court, again alleging that the property is non-ratable and exempt from taxation. Following a consolidated hearing on both complaints, the trial justice denied defendants' motions to dismiss and granted summary judgment in favor of plaintiffs. The defendants filed the instant appeal.

On appeal, defendants contended that property must be used exclusively for hospital purposes to be exempt from taxation, whereas plaintiffs asserted that the building constitutes tax-exempt property, pursuant to G.L.1956 § 44–3–3(10).

Section 44–3–3 provides in pertinent part that:

"The following property shall be exempt from taxation:

    *     *     *     *     *     *

(10) Property especially exempt by charter unless the exemption shall have been waived in whole or in part."

In support of its position, plaintiffs relied on this Court's decisions in *Woonsocket Hospital v. Lagace*, 113 R.I. 95, 318 A.2d 472 (1974) and *Woonsocket Hospital v. Quinn*, 54 R.I. 424, 173 A. 550 (1934). In *Lagace* and *Quinn*, the city of Woonsocket assessed taxes on property owned by the Woonsocket Hospital and leased to certain commercial businesses. The language in the Woonsocket Hospital charter granted tax exemptions for hospital-owned property "so long as said property shall be used for the purposes for which said Woonsocket Hospital is incorporated." This Court held that all real estate owned by the hospital, including that leased to commercial tenants, was exempt from taxation so long as "the net income derived from the subject properties was devoted to the general uses of the hospital." *Lagace*, 113 R.I. at 100, 318 A.2d at 476. We explicitly rejected the argument that the property had to be used exclusively for hospital purposes in order to qualify as tax exempt. *Id.* at 101, 318 A.2d at 476.

The facts of the instant case are substantially similar to those in *Lagace* and *Quinn*, and defendants have presented no evidence to contradict plaintiffs' assertion that the rental income generated by leasing a portion of their building is deposited into plaintiffs' general accounts and used for operating and maintenance expenses of their hospitals. Also, the controlling provisions of the charters in this case and those in *Lagace* and *Quinn* are virtually identical. For these reasons, we conclude that *Lagace* and *Quinn* are dispositive of this appeal and, consequently, we hold that the real estate in question is exempt from taxation.

Furthermore, because the subject property is tax exempt, §§ 44–5–26 and 44–5–27 do not apply. *See St. Clare Home v. Donnelly*, 117 R.I. 464, 469, 368 A.2d 1214, 1217 (1977) (requirements of §§ 44–5–26 and 44–5–27 not applicable to a challenge of an assessment on tax-exempt property). Accordingly, defendants' reliance on these sections is misplaced.

This Court acknowledges the defendants' concerns regarding statutory tax exemptions for charitable and non-profit organizations. We note, however, that these issues implicate public policy decisions that we believe are more appropriately addressed to the Legislature.

Based on the foregoing, we conclude that the trial justice properly granted summary judgment in favor of the plaintiffs. Consequently, we deny and dismiss the defendants' appeal and affirm the judgment of the Superior Court, to which the papers in this case may be remanded.

WEISBERGER, C.J., and FLANDERS, J., did not participate.