DECISION
Plaintiffs in the above-captioned matters[1] are before the Court seeking relief from what they claim was an illegal tax assessment levied on certain property. Defendants include Jack Frazier, in his capacity as the Warwick Tax Assessor, and David Tepin, in his capacity as Collection Supervisor for the City of Warwick. Jurisdiction in this Court is pursuant to G.L. 1956 (1995 Reenactment) § 44-5-26.[2]
FACTS/TRAVEL
The parties have compiled an "Agreed Statement of Facts" which will presently be recounted. Plaintiffs are Fleet Credit Corporation (hereinafter referred to as Fleet) — a business corporation, and New England Institute of Technology (hereinafter referred to as NEIT) — a fully accredited college in Warwick, Rhode Island, which operates as a nonprofit corporation.[3] In October of 1990, NEIT sought and acquired possession of computer equipment to use in connection with its instruction of students. To finance the transaction, NEIT entered into a "Master Equipment Lease Agreement Number 30617" with Fleet on October 29, 1990. The acquisition cost of the equipment, $1,705,204.18, was borne by Fleet, which then acquired title to the equipment from the vendor. Under the written lease,[4] NEIT was required to make sixty monthly rental payments to Fleet of $34,376.92 each in exchange for its use of the computers.
The Warwick Tax Assessor assessed and valued the computer equipment as of December 31, 1990 at $1,619,900 and assessed a personal property tax against Fleet, as owner, in the amount of $50,216.90. Fleet paid the tax and was reimbursed by NEIT, under the terms of the aforementioned lease. The computers were, at all times, used exclusively for the instruction of students enrolled at NEIT. Moreover, all receipts and income, direct and indirect, from use of the equipment were used exclusively for the nonprofit educational purposes of NEIT. Finally, on or prior to December 31, 1991, Fleet conveyed all its interest in said equipment to NEIT.
Pursuant to § 44-5-26, Plaintiffs appealed to the Board of Assessment Review of the City of Warwick, which appeal was denied, and they subsequently filed an action in this Court to challenge the assessment. Specifically, Plaintiffs contend that the computer equipment is exempt from taxation under R.I.G.L. § 44-3-3(8); thus, the tax assessment was illegal, and any taxes paid should be refunded with interest. Rejecting this argument, Defendants contend that Plaintiffs' reliance on R.I.G.L. § 44-3-3(8) is misplaced, and without any applicable exemption from taxation, the assessment of personal property tax upon the leased computer equipment is valid and lawful, and must stand.
EXEMPTION FROM TAXATION
The threshold question raised by this appeal is whether, in view of the foregoing facts, the computer equipment is exempt from taxation pursuant to R.I.G.L. § 44-3-3(8). Section44-3-3(8) of our General Laws provides that the following property is exempt from taxation:
 "The buildings and personal estate owned by any corporation used for a school, academy, or seminary of learning, and of any incorporated public charitable institution, and the land upon which the buildings stand and immediately surrounding them to an extent not exceeding one acre, so far as they are used exclusively for educational purposes, but no property or estate whatever shall hereafter be exempt from taxation in any case where any part of the income or profits thereof or of the business carried on thereon is divided among its owners or stockholders;" R.I.G.L. § 44-3-3(8) (hereinafter referred to as § 44-3-3(8)).
Urging the Court to adopt their interpretation of §44-3-3(8), Plaintiffs argue that in order for the exemption to apply, it is the "buildings and personal estate," and not the "corporation," that must be "used for a school."[5]
Specifically, they claim that the phrase "used for a school" modifies "buildings and personal estate," and that said "buildings and personal estate" may be "owned by any corporation" (emphasis added), including Fleet. Under this interpretation, the words "owned by any corporation" are, in effect, surplusage. Plaintiffs also point out that if the Legislature had intended the exemption to require ownership by the corporation which uses the "buildings and personal estate" for a school, it could have phrased the exemption as follows: "The buildings and personal estate owned by any corporation which uses said buildings and personal estate for a school, academy, or seminary of learning. . . ." Accordingly, Plaintiffs contend that although Fleet had title to the computer equipment, said equipment is nonetheless exempt since it was, at all times, "used [exclusively] for school [purposes]" by NEIT, and under the plain, unambiguous language of § 44-3-3(8), the exemption is based on the educational use of the property alone, and not upon ownership thereof.[6] Finally, Plaintiffs argue that the last clause of the statute refers to "income or profits" from use of the property (again, not from ownership), and Plaintiffs note that all the "income or profits" from use of the computer equipment were applied to nonprofit exempt purposes.
Defendants, on the other hand, assert that exclusive educational use is not enough; they claim that the language of § 44-3-3(8) clearly and unambiguously requires both ownership and exclusive use. Thus, it is their position that the statutory exemption from taxation is reserved to educational institutions for their own property which is used exclusively for educational purposes.[7] Specifically, with respect to the statute's interpretation, Defendants contend that the "corporation" mentioned in the statute must be "used for a school"; the phrase "used for a school" thus modifies the term "corporation," not the phrase "buildings and personal estate," as Plaintiffs urge this Court to believe. Moreover, according to Defendants, if the Legislature had intended a simple, one-criterion "use" test to determine exempt status, it could have phrased the exemption as follows: "All buildings and personal estate used exclusively for educational purposes. . . ." It chose not to do so, however, and hence, because it was Fleet, and not NEIT (a mere lessee), that owned the computer equipment at the time of taxation, the exemption is unavailable.[8] Finally, regarding the last clause of § 44-3-3(8), Defendants argue that the exemption should also be denied because Fleet derived "income or profits" in the form of monthly lease payments from NEIT.
All personal property is subject to taxation unless specifically exempted. R.I.G.L. § 44-3-1; Estate of Wickes v.Stein, 107 R.I. 260, 263, 266 A.2d 911 (1970). Moreover, statutes exempting property from taxation are to be strictly construed in favor of the taxing authority and against the party seeking an exemption. Roger Williams Gen. Hosp. v. Littler, 566 A.2d 948, 950 (R.I. 1989); City of Providence v. Killoran, 447 A.2d 369, 371 (R.I. 1982); Woonsocket Hosp. v. Lagace, 113 R.I. 95, 100,318 A.2d 472, 475 (1974) (citing Woonsocket Hosp. v. Quinn,54 R.I. 424, 429, 173 A. 550, 552 (1934)). See also American HoechstCorp. v. Norberg, 462 A.2d 369, 371 (R.I. 1983) (noting that this "time-honored rule" applies unless, by their terms, said statutes disclose a clear legislative intention to grant an exemption). If any doubt or ambiguity exists in a statute granting a tax exemption, such doubt or ambiguity must be resolved in favor of taxation.[9] Littler, 566 A.2d at 950; Killoran, 447 A.2d at 371. The party claiming the exemption from taxation has the burden of showing that the subject property falls squarely and unequivocally within the terms of the statute. See CooksonAmerica, Inc. v. Clark, 610 A.2d 1095, 1098 (R.I. 1992); Norberg, 462 A.2d at 372; Preservation Soc'y v. Newport Tax Assessor,99 R.I. 592, 596, 209 A.2d 701, 704 (1965).
After applying these principles to the instant case, this Court finds that Plaintiffs have not met their burden. Webster's Dictionary defines "ambiguity" as "any statement that may be interpreted in more than one way." In view of the foregoing arguments made by both sides, it is evident that the language of § 44-3-3(8) has two plausible and objectively reasonable interpretations — one requiring ownership and use of the subject property to obtain the benefits of the tax exemption, and the other requiring use alone. Thus, because ambiguity plainly exists within § 44-3-3(8), it does not clearly appear from our statute that the Legislature intended the property leased by NEIT to be exempt.[10] Hence, the computer equipment is taxable under Rhode Island law. See Littler, 566 A.2d at 950.
The Court has considered the memoranda submitted by the parties. After careful review, and for the reasons hereinbefore set forth, the Court finds that the computer equipment in question is not exempt from personal property taxation. Therefore, Plaintiffs' property has not been illegally assessed. Accordingly, judgment will enter for the city tax assessor.
Counsel for the prevailing party shall submit an appropriate judgment for entry.
[1] The two actions involve the same assessment.
[2] Section 44-5-26 provides the exclusive remedy when the taxpayer is challenging an assessment on the grounds that it is excessive, illegal, and/or void. St. Clare Home v. Donnelly,117 R.I. 464, 469, 368 A.2d 1214, 1217 (1977). Illegal tax assessments include cases where tax-exempt property is assessed for taxation. CIC-Newport Assocs. v. Stein, 403 A.2d 658, 663 (R.I. 1979).
[3] NEIT is exempt from tax under the provisions of Section 501(c)(3) of the Internal Revenue Code and is duly accredited as an institution of higher learning by the Board of Governors for Higher Education and the Office of the Commissioner.
[4] The lease provides that the lessee, NEIT, took "[n]o right, title, or interest in the [e]quipment . . . other than the right to maintain possession and use of the [e]quipment. . . ." Upon the expiration of the lease term (60 months), NEIT had the option to purchase all of Fleet's "right, title and interest" in the equipment for a price equal to (a) the greater of (1) the fair market value of the equipment at that time, or (2) 10% of the acquisition cost, plus (b) any applicable taxes associated with the sale and/or expenses of transfer. If NEIT chose not to purchase the equipment, the lease term was automatically extended for another twelve months at a monthly rental of $15,699.91. After this, NEIT was obligated to return the equipment to Fleet, unless NEIT executed any other purchase option rider with Fleet.
[5] Plaintiffs further argued that the phrase "owned by any corporation," as utilized in § 44-3-3(8), unconstitutionally distinguishes between individuals and corporations with respect to property taxation. However, after the Court raised the issue of noncompliance with R.I.G.L. § 9-30-11 and Super. Ct. R. Civ. P. 24(d) (i.e. the necessity of serving the office of the Attorney General), Plaintiffs' counsel stated he would not be pressing this argument. He thus chose not to effectuate service of process on the Attorney General, and hence, the Court will not address this constitutional issue. See Brown v. Samiagio,521 A.2d 119, 120-21 (R.I. 1987).
[6] Basically, it is Plaintiffs' position that for purposes of § 44-3-3(8), property need not be owned by the entity which uses it in order to be exempt.
[7] Under this theory, leased property does not qualify since the exemption requires said property to be owned by, and not merely leased to, the party using it for educational purposes.
[8] Citing Roger Williams Gen. Hosp. v. Littler, 566 A.2d 948, 950 (R.I. 1989), Defendants also proffer two legal maxims in further support of their position: (1) "[a]n exemption from taxation is in the nature of a personal privilege and is neither assignable nor transferable," and (2) any ambiguity in tax-exemption statutes must be resolved in favor of taxation.
[9] On the other hand, it should be noted that in the absence of ambiguity, the Court must interpret and apply the statute literally and must give the words of the statute their plain and ordinary meanings. Accent Store Design, Inc. v. Marathon House,Inc., 674 A.2d 1223, 1226 (R.I. 1996); Marran v. Baird,635 A.2d 1174, 1180 (R.I. 1994).
[10] Subsequent to the filing of memoranda and an agreed statement of facts, the Court inquired of the parties if the lease (described earlier in this decision) could be construed as a financing agreement; this would make NEIT, in practical effect, the economic owner of the property and could potentially bring the computer equipment within the ambit of either of the above interpretations of § 44-3-3(8), thereby entitling Plaintiffs to claim the tax exemption. On this issue of equitable ownership, the parties provided the Court with case law from several foreign jurisdictions which reveals an apparent conflict among the states. Some jurisdictions take a "substance over form" approach and claim that record title alone is not determinative; they feel the "question of ownership for tax purposes should be decided on the basis of `real ownership,' rather than `forms and labels.'"See Gunnison County v. Board of Assessment Appeals, 693 P.2d 400, 404 (Colo. Ct. App. 1984). Others, however, take a "form over substance" approach stressing that actual title ownership (i.e. technical legal ownership) is necessary. See Columbia CountyMental Retardation Realty v. Palen, 410 N.Y.S.2d 789, 791-92 (Sup. Ct. 1978). In light of the aforementioned Rhode Island law which the Court is bound to apply, and because the parties, presumably for their mutual benefit, structured the transaction as a lease, this Court must and does deny tax-exempt status to the leased property.