DECISION 
Before the Court are plaintiff's motion for summary judgment and defendant's cross motion for summary judgment and motion to file a counter claim. Based on the reasons set forth below, plaintiff's motion is granted and defendant's cross motions are denied.
 FACTS/TRAVEL
The Shelter Harbor Fire District (Shelter Harbor) was incorporated by the Rhode Island General Assembly in 1937. See An Act. Lo Incorporate theShelter Harbor Fire District. Vol. 103, Private Act 1937 #13 (37-S 90) § 12. (1937 Act). The 1937 Act allowed Shelter Harbor to raise money, by taxation, to purchase fire fighting equipment. A 1950 Amendment allowed Shelter Harbor to own real estate; said real estate is exempt from State and local taxation so long as it is not used for commercial purposes. See Id. Vol. 114, Private Act 1950 # 10 (50-H 570, Substitute A).
In 1951, An Act Relating to the Fire Districts in the Town of Westerly was passed by the General Assembly. The relevant portion of that amendment reads:
 "[n]otwithstanding the provisions of any other law the real and personal property of any fire district . . located in the town of Westerly shall be exempt for taxation . . . to the extent that the land, buildings, structures and equipment of such . . . are actually used for the purposes authorized by its act of incorporation." An Act Relating to the Fire Districts in the Town of Westerly. Vol. 258. Pub. Law 1951 Chapter 2869 (14-1026) § 1.
In 1991, the 1937 Act was again amended by the General Assembly. This Amendment expanded the purposes for which Shelter Harbor can acquire real property, as well as permitted Shelter Harbor to own property outside of the fire district See Act of Incorporation, as amended by the 1991Legislation, § 6. By expanding the purposes authorized by the 1937 Act, the 1991 Amendment expanded the eligibility for the exemption under the 1951 Amendment.
Shelter Harbor owns real property located in the Town of Westerly. Defendant Charles Vacca (defendant) is the Tax Assessor for the Town of Westerly. In the first quarter of 2000, Shelter Harbor received tax assessments from defendant for the properties it owned in Westerly. Pursuant to R.I.G.L. 1956 § 44-5-26, on October 2, 2000, Shelter Harbor filed a timely appeal with the defendant. The basis of its appeal is that Shelter Harbor alleged that the properties are exempt from taxation according to the 1937 Act and subsequent amendments. Defendant failed to take any action on the appeal; thus, pursuant to § 44-5-26, Shelter Harbor filed an appeal with the Westerly Board of Tax Assessment (Board).
Under 44-5-26, the Board must hold a hearing within 9 () days of the filing of the appeal, and issue a decision within 30 days of hearing the appeal. As of the filing of this decision, the board had neither issued a decision nor held any hearings concerning Shelter Harbor's appeal. Subsequently, Shelter Harbor filed this action.
 SUMMARY JUDGMENT
R.I. Super. R Civ. P. 56 empowers a trial justice, upon proper motion, to enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Thus, in a proceeding for summary judgment, the court must "examine the pleadings and affidavits in the light most favorable to the nonmoving party to decide whether an issue of material fact exist[s] and whether the moving party [is] entitled to summary judgment as a matter or law." Buonanno v. Colmar Belting Co.,Inc., 733 A.2d 712, 715 (R.I. 1999) (citing Textron, Inc. v. AetnaCasualty and Surety Co., 638 A.2d 537, 539 (R.I. 1994)). The party opposing a motion for summary judgment may not rely upon mere allegations or denials in his or her pleadings. Small Business Loan Fund v. Loft,
734 A.2d 953, 955 (R.I. 1998) (citing Bourg v. Bristol Boat Co.705 A.2d 969, 971 (R.I. 1998)). Rather "[a] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material fact and cannot rest on the allegations or denials in the pleadings or the conclusions or on legal opinions. Macera Brothers of Cranston, Inc. v. Gelfuso Lachut, Inc.,740 A.2d 1262, 1264 (R.I. 1999) (citing Manning Auto Parts. Inc. v.Souza. 591 A.2d 34, 35 (R.L 1991)).
 STATUTORY CONSTRUCTION OF THE TAX EXEMPTIONS
This case presents a question of statutory construction concerning the eligibility of Shelter Harbor for a tax exemption. It is well established that a municipality's ability to levy any tax is limited to the power delegated from the General Assembly. See R.I. Cont. Art. XIII § 5;Newport Court Club Assoc. v. Town of Middletown. 716 A.2d 787 (R.I. 1998). Therefore, the Court must determine if the defendant's assessment of tax upon Shelter Harbor's real property is in violation of any statutory provision.
The Court must first look to the plain and ordinary meaning of the pertinent legislation to determine if an exemption exists for Shelter Harbor. Providence Worcester R. R. Co. v. Pine, 729 A.2d 202 (R.I. 1999). If the language is clear on its face, then the plain meaning must be given effect, and the Court must not look elsewhere to find the legislative intent. Fleet Nat. Bank v. Clark. 714 A.2d 1172 (R.L 1998). In addition, the Supreme Court "has held many times that laws which exempt property from taxation must be strictly construed." Roger WilliamsGen. Hosp. v. Littler. 566 A.2d 948, 950 (R.I. 1989); see also Fish v.Coggeshall. 22 R.I. 318, 47 A. 692 (1900).
According to R.I.G.L. 1956 § 44-3-3 (10), entitled Propertyexempt. "property especially exempt by charter. ." is exempt from taxation. Therefore, the 1937 Act, as amended by the 1950 Amendment, provides an exemption to Shelter Harbor, so long as the real estate is not used for commercial purposes. The language of the 1950 Amendment is clear and unambiguous as to the existence of an exemption from taxation for property owned by Shelter Harbor which is not used for commercial purposes.
Defendant argued, in his brief and at oral arguments that the 1951 and 1991 Amendments preclude Shelter Harbor from claiming an exemption under the 1950 Amendment. Defendant further argued that the land is only exempt to the extent authorized in the 1937 Act, subsequent to the 1991 Amendment. Defendant went on to illustrate that Shelter Harbor was not using the properties for authorized uses and allowing an exemption to this "country club" would fly in the face of the General Assembly's intent in passing this series of legislation.
The clear language of the 1.937 Act, as amended, presents the Court with no issues of material fact which would preclude granting Shelter Harbor's motion for summary judgment. While Shelter Harbor may or may not qualify for the 1951 exemption, it clearly qualifies for the exemption set forth in the 1950 Amendment. The 1950 Amendment dealt exclusively with the Shelter Harbor Fire District, and provided an exemption from taxation so long as the property is "not used for commercial purposes." The 1951 Amendment related to all fire districts within the Town of Westerly and was enacted "notwithstanding the provisions of any other law" Therefore, the passage of the 1951 Amendment had no effect on the validity of the 1950 Amendment.
 CONCLUSION
The assessment of taxes upon the properties owned and held by the Shelter Harbor Fire District is in violation of the 1950 Amendment to the 1937 Act of Incorporation. The language of the 1950 Amendment is clear and unambiguous. Therefore, the Court must apply the ordinary language and not search for the legislative intent behind its passage. Since no subsequent amendments or legislation has repealed or altered the language that created the exemption for Shelter Harbor, the exemption is valid and in force. So long as the properties held by Shelter Harbor are not used for commercial purposes, the exemption applies. Therefore, Shelter Harbor Fire District's motion for summary judgment is granted, and defendant's cross motion and motion to file a counter claim are denied.
Counsel shall submit the appropriate order for entry.